Martin, J.
The plaintiff in error claims that there was error in the overruling of his demurrer to the petition. The petition contains two counts, each of which is planted on the bond and one of the notes. The parties to the notes respectively are the same; whilst only one of them is an obligor on the bond. The demurring defendant is an obligor, but not a party to the note. No objection was raised to the petition on account of this defect. The notes being similarly executed and indorsed, the disposal of either count serves for the other. This issue is as to the meaning of the condition. The defendant in error claims that because Thomas B. Donley is a member of the firm of Donley, McNabb & Co., and as such is bound for its engagements, a note of the firm falls within the terms of the condition; and further, if that claim be untenable, that his indorsement of the firm note at its inception effects that result. The condition is that the obligors Joseph Donley, Hugh Heaton and Thomas B. Donley do pay to the bank “ any sum or sums of money which the said Thomas B. Donley may owe to or hereafter may become indebted to the said bank upon bond, bill, note, draft, check, account or otherwise,” and shall indemnify and save harmless the said bank from all loss and expense by reason of said or any indebtedness incurred by the said Thomas B. Donley.” The indebtedness to be paid is that of Thomas B. Donley to the bank. It is to be evidenced by bond, bills, &c. This specific enumeration is of course restricted. And the general term, otherwise must be held under the maxim noscitur a sociis to cover only evidences or forms of debt of the same class as may accidentally have been omitted.
*51 The indemnity elapse against “loss and expense by reason of said or any indebtedness incurred by said T. B. Donley,” was obviously intended to enlarge the measure of the liability already described, — to stipulate for the recovery of expenses and undefined loss, in addition to reimbursement to the amount of the debt. It is rather repetitional than copulative. As to the creditor and debtor features of the description, there is no strained effort. The statement is simple. The creditor is the bank and no one else. The only debtor named is Thomas B. Donley. In the condition to pay, the debt is one which he might then or thereafter owe; and in the indemnity condition the indebtedness is one incurred or to be incurred by him. If the intention were to include the debts of any trading firm of which he was or might become a member, it could have been easily expressed. Without calling to our aid or considering the old rule, that such a condition of defeasance is . the language of the obligee, and to be taken most strongly against him, we are fully satisfied that the clear meaning of the condition is to give credit to Thomas B. Donley individually, and not to a firm of which he may happen to be a member.
The further claim is, that by7 reason of the indorsement the debt became his individually7 within the meaning of the guaranty. The indorsement before delivery generally makes the indorsee- a maker. But here he was already- a maker, and no indorsement was needed to fix his liability as such. Generally, if not always, the only7 purpose tobe served by such double execution is to dispense with the necessity of proof of membership. As between the partner and his firm he is surety for the firm debt. And in case of the total insolvency of the firm and its members, a guarantor of a firm debt would be excluded from the assets of the individual members. Surely such exclusion was not contemplated here. The claim amounts to this, that the condition is broad enough to include a suretyship assumed by Thomas at his pleasure. The indorsement being merely formal, if the guaranty attaches, it is because of its letter *52 only. We cannot reverse the rule and allow the guarantee to stand on the letter of his contract. The guarantor is surety merely, and for his own protection, may stand, strictly within the spirit of his engagement.
We are clearly of the opinion that the intention of the condition is, to require the obligors to answer only, for the debts of Thomas B. Donley to the bank, incurred by him individually and for his own benefit. The demurrer to the petition should have been sustained.

Judgment reversed and cause remanded.